# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

Lyle W. Cayce
Clerk

No. 10-31161
Summary Calendar

In the Matter of: GINA MARINA DIAZ,

      Debtor

------------------------

MUHAMMED SHARIF CHEEMA,

                               Appellant

v.

GINA MARINA DIAZ,

                               Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-2636

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Muhammed Sharif Cheema appeals the district court judgment affirming the judgment of the bankruptcy court that rejected Cheema's claim in his adversary proceeding to avoid the discharge of his state court judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31161

against Diaz. The district court affirmed the bankruptcy court's denial of Cheema's claim of non-discharge on its finding that Cheema had failed to bear his burden of proof that the judgment in question arose from Diaz's false pretenses, false representation, or fraud. We affirm.

When Cheema's claim came on for trial in the bankruptcy court, Diaz was not present in court. She had been listed on the will-call witness list but had not been subpoenaed. The bankruptcy court reminded counsel for Cheema that when the judgment debt at issue was discharged in bankruptcy, the burden of proving non-dischargeability became that of the judgment creditor – based in this case on false pretenses, false representation, or fraud on the part of the bankrupt. Our review of the record confirms that the bankruptcy court correctly ruled that Cheema had failed to bear his burden of proof of the elements that would avoid discharge, and that the absence of the unsubpoenaed Diaz at the adversary hearing did not alleviate or otherwise affect the creditor's proof requirement under §523(a)(2)(A).

We have reviewed the record on appeal, including the briefs of the parties and the reasoning of the bankruptcy court. As a result, we are satisfied that the judgment of the district court, based as it is on the reasoning of the bankruptcy court, should be and hereby is,

AFFIRMED.